Case 2021CV001484        Document 1        Filed 06-23-2021        Page 1 of 1

| | | | |
|---|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT** | | **DANE** |

Edwin C West vs. Department of Health Services et al        **Electronic Filing Notice**

Case No. 2021CV001484

Class Code: Unclassified

FILED
06-23-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV001484
Honorable Susan M.
Crawford
Branch 1

DEPARTMENT OF HEALTH SERVICES
1 W. WILSON STREET, ROOM 650
MADISON WI 53707

Case number 2021CV001484 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 532691**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: June 24, 2021

PROCESS SERVER

6-30-2021        1:46pm
DATE    /    TIME

GF-180(CCAP), 11/2020 Electronic Filing Notice        §801.18(5)(d), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.

**Exhibit A-1**

Case 2021CV001484          Document 2          Filed 06-23-2021          Page 1 of 1

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **DANE**

Edwin C West vs. Department of Health Services et al          **Electronic Filing Notice**

Case No. 2021CV001484

Class Code: Unclassified

FILED
06-23-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV001484
Honorable Susan M. Crawford
Branch 1

KAREN TIMBERLAKE
1 W. WILSON STREET, ROOM 650
SECRETARY-DESIGNEE, DEPARTMENT OF HEALTH SERVICES
MADISON WI 53707

Case number 2021CV001484 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 532691**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: June 24, 2021

PROCESS SERVER

6-30-2021                1 40 pm

DATE    /    TIME

GF-180(CCAP), 11/2020 Electronic Filing Notice          §801.18(5)(d), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.

Exhibit A-2

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **DANE**

FILED
06-23-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV001484
Honorable Susan M.
Crawford
Branch 1

Edwin C West vs. Department of Health Services et al          **Electronic Filing Notice**

Case No. 2021CV001484

Class Code: Unclassified

ANGIE SERWA
1 W. WILSON STREET, ROOM 850
BUREAU OF COMMUNITY FORENSIC SERVICES
MADISON WI 53707

Case number 2021CV001484 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 532691**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: June 24, 2021

PROCESS SERVER

6-30-2021          140pm

GF-180(CCAP), 11/2020 Electronic Filing Notice          §801.18(5)(d), Wisconsin Statutes
DATE          TIME
This form shall not be modified. It may be supplemented with additional material.

Exhibit A-3

| | | |
|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **DANE** |

Edwin C West vs. Department of Health Services et al          **Electronic Filing Notice**

Case No. 2021CV001484

Class Code: Unclassified

**FILED**
06-23-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV001484
Honorable Susan M. Crawford
Branch 1

JENNIFER KOSTRZEWA
3073 S. CHASE AVENUE, BLDG. 42
DEPARTMENT OF CORRECTIONS
MILWAUKEE WI 53207

Case number 2021CV001484 was electronically filed with/converted by the Dane County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 532691**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 608-266-4311.

Dane County Circuit Court
Date: June 24, 2021

Exhibit A-4

FILED
06-23-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV001484
Honorable Susan M.
Crawford

Branch 1

STATE OF WISCONSIN          CIRCUIT COURT          DANE COUNTY

**EDWIN C. WEST**
5129 W. Hemlock Road
Milwaukee, WI 53223

        Plaintiff,

v.

**DEPARTMENT OF HEALTH SERVICES**
1 W. Wilson Street, Room 650
Madison, WI 53707-8951

**KAREN TIMBERLAKE, SECRETARY-DESIGNEE,**
**DEPARTMENT OF HEALTH SERVICES,**
1 W. Wilson Street, Room 650
Madison, WI 53707-7851

**ANGIE SERWA,**
Contract Specialist-Advanced
Bureau of Community Forensic Services
1 W. Wilson Street, Room 850
Madison, WI 53707

**ATTIC CORRECTIONAL SERVICES, INC.**
Supervised Release Program
1709 S. Park Street, Suite 1
Madison, WI 53713

**JENNIFER KOSTRZEWA**
Parole Agent
Department of Corrections
3073 S. Chase Avenue, Bldg. 42, Suite 150
Milwaukee, WI 53207

        Defendants.

Case No. 21-CV-_____

Case Code: 30702 - Unclassified

RECEIVED

JUN 3 0 2021   1:40 pm

OFFICE OF LEGAL COUNSEL
DEPARTMENT OF HEALTH SERVICES

6/30/2021

---

**SUMMONS**

---

THE STATE OF WISCONSIN

TO EACH PERSON NAMED ABOVE AS A DEFENDANT:

Exhibit A-5

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you.  The Complaint, which is attached, states the nature and basis of the action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802, Wis. Stats. to the Complaint.  The Court may reject or disregard an Answer that does not follow the requirements of the statutes.  The Answer must be sent or delivered to the Court whose address is:  Clerk of Circuit Court, Dane County Courthouse, 215 South Hamilton Street, Room 1000, Madison, WI  53703-3285, and to Plaintiff at: 5129 W. Hemlock Road, Milwaukee, WI 53223.  You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint.  A judgment may be enforced as provided by law.  A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 21st day of June, 2021.

**PLAINTIFF, Pro Se:**


**Electronically Signed by Edwin C. West**
Edwin C. West
5129 W. Hemlock Road
Milwaukee, WI  53223

2

Exhibit A-6

FILED
06-23-2021
CIRCUIT COURT
DANE COUNTY, WI
2021CV001484
Honorable Susan M.
Crawford
Branch 1

STATE OF WISCONSIN          CIRCUIT COURT          DANE COUNTY

**EDWIN C. WEST**
5129 W. Hemlock Road
Milwaukee, WI 53223

        Plaintiff,

v.

**DEPARTMENT OF HEALTH SERVICES**
1 W. Wilson Street, Room 650
Madison, WI 53707-8951

**KAREN TIMBERLAKE, SECRETARY-DESIGNEE,**
**DEPARTMENT OF HEALTH SERVICES,**
1 W. Wilson Street, Room 650
Madison, WI 53707-7851

**ANGIE SERWA,**
Contract Specialist-Advanced
Bureau of Community Forensic Services
1 W. Wilson Street, Room 850
Madison, WI 53707

**ATTIC CORRECTIONAL SERVICES, INC.**
Supervised Release Program
1709 S. Park Street, Suite 1
Madison, WI 53713

**JENNIFER KOSTRZEWA**
Parole Agent
Department of Corrections
3073 S. Chase Avenue, Bldg. 42, Suite 150
Milwaukee, WI 53207

        Defendants.

Case No. 21-CV-_____

Case Code: 30702 - Unclassified

---

## COMPLAINT

---

Plaintiff, Edwin West, bring this civil action pursuant to Wis. Stat. §51.61 and the substantive due process of the Wisconsin and United States Constitutions.

Exhibit A-7

## INTRODUCTION/SUMMARY OF CASE

Plaintiff, Edwin West ("West"), a civilly committed patient with no criminal sentence was released from confinement to Supervised Release ("SR"). Once placed into the community, DHS entered into a Memo of Agreement ("MOA") with DOC to supervise West in the community. West has been deprived of his Wis. Stat. §51.61 rights and his civil rights. West has been denied visiting, phone calls, to have money, the right to speak, the right to remain silent, and the right to feel safe within his home. West is not allowed to look out of the windows of his house and is required to keep the curtains closed at all times, living in a dark house. DOC agents claim that this contract between DHS and DOC allows this, along with the 74 SR rules that limit or deny West of his legal rights.

## VENUE/JURISDICTION

1.      Venue and jurisdiction are proper in this court since actions against the State, State Boards and Agents are brought in Dane County Circuit Court under Wis. Stat. §801.50.

2.      The State of Wisconsin and their Agents waive their Eleventh Amendment immunity and agree to be sued under Wis. Stat. §51.61(7).

## PARTIES

3.      Plaintiff, Edwin West ("West"), is in the care, control and custody of the Department of Health Services ("DHS") and is placed on Supervised Release in the community. West's current address is 5129 W. Hemlock Road, Milwaukee, WI 53223.

4.      Defendant, Karen Timberlake ("Timberlake"), is the Secretary-Designee of DHS. Timberlake's current business address is 1 W. Wilson Street, Room 650, Madison, WI 53707-7851.

2

Exhibit A-8

5.      Defendant, Department of Health Services ("DHS") is the agency with legal jurisdiction over West.  DHS' current business address is 1 W. Wilson Street, Room 650, Madison, WI  53707-7851.

6.      Defendant, Angie Serwa ("Serwa"), is the Contract Specialist-Advanced for the Bureau of Community Forensic Services.  Serwa's current business address is 1 W. Wilson Street, Room 850, Madison, WI  53707.

7.      Defendant, Attic Correctional Services, Inc., ("ACS"), is an agency developed to provide supervision and treatment of correctional clients living in Wisconsin Communities.  ACS' current business address is 1709 S. Park Street, Suite 1, Madison, WI  53713.

8.      Defendant, Jennifer Kostrzewa (Kostrzewa"), is a Parole Agent for the Department of Corrections.  Kostrzewa's current business address is 3073 S. Chase Avenue, Building 42, Suite 150, Milwaukee, WI  53207.

## STATEMENT OF CLAIMS

9.      West was committed under Wis. Stat. §980.06 to the Department of Health Services as a civil patient in 1997.

10.     West, after completion of his 5 years sentence for 2nd degree sexual assault and 3 year probation violation for a 3rd degree sexual assault, had his civil rights restored in 1999 by the Secretary of DOC.

11.     West, after having met the burden of proof by clear and convincing evidence as was set forth in *State v. West*, 2011 WI 83, 336 Wis. 3d 578, 800 N.W.2d 929, was granted SR by Judge Yamahiro on January 25, 2019.

3

Exhibit A-9

12.    West has always been, and continues to be, in the custody of DHS, whether he is confined in an institution or on SR in the community until such time that he is discharged under Wis. Stat. §980.09.

13.    On August, 5, 2020 West had his final staffing at DHS/SRSTC before being placed into the community. West was introduced to the Community Reintegration Team ("CRT") which includes: DOC Parole Agent Jennifer Kostrzewa, ACS Case Manager, Lynda Metcalf ("Metcalf"), Independent Contract Therapist, Beth, DHS Contract Specialist, Angie Serwa.

14.    West was told by CRT Member, Serwa, that visits would not be allowed in the community due to COVID-19. CRT Member Serwa did not follow Wis. Stat. §51.61(2) Client Rights Limitation or Denial Documentation ("CRLDD") in denying West of these rights as required by statute. Wis. Admin. Code DHS §94.05.

15.    DHS Form F-26100 (CRLDD) is imposed by statute. Wis. Admin. Code DHS §94.05. This form shows what right is being effected, whether it is being limited or denied, what less restrictive alternatives were considered, the reason for the limitation or denial, the time limitation or denial and how the right can be restored. It prescribes and defines the time, the date, the occasion for its performance with such certainty that nothing remains for judgment or discretion. A CRLDD form is attached as **Exhibit 1**.

16.    West asked at his final staffing if he still had the protection of the patient rights statute, Wis. Stat. §51.61 while on SR. CRT Member Serwa confirmed West retained his patient rights, Wis. Stat. §51.61.

17.    West was placed into the community on August 27, 2020. Once West was placed in the community on SR, DHS and CRT illegally stripped West of his civil patient

4

Exhibit A-10

status, his patient rights under §51.61(1), Wis. Stats. and West's constitutional rights. DHS then gave care and control over to DOC and ACS to supervise West in the community under DOC's policies, procedures and administrative code.

18.     West was escorted to DOC Agent Kostrzewa's office building where West was told to sign his SR rules in front of DOC Agent Kostrzewa. West expressed that he was not in agreement with some of these rules and that he believes they are in violation of his statutory rights and the Constitution. West stated he will follow all rules as directed by DOC Agent Kostrzewa. Agent Kostrzewa told West when he agreed to SR he gave up his rights. Agent Kostrzewa told West that DHS contracted with DOC for the supervision of §980.08 SR clients. See **Exhibit 4**, Rules of Supervision.

19.     DHS and CRT wrote 74 SR rules for West. 21 of these rules either violate Wisconsin Statutes, U.S. Constitution or do not serve to protect the public from sexual assault or prevent West from offending, and thus, are overly broad, unduly burdensome and unconstitutionally punitive.

20.     The rules that violate the law, statutes or constitution that are overly broad, unduly burdensome and unconstitutionally punitive as they apply to West are: Rule Nos. 8, 9, 10, 14, 15, 19, 23, 24, 26, 28, 29, 30, 42, 43, 45, 50, 51, 56, 58, 63, 66, 67, 68, 70, 71, 72, 73 and 74. (See **Exhibit 4** – Rules of Supervision).

21.     DHS signed a Memo of Agreement ("MOA") with DOC to provide supervision of §980.08 SR clients. This is legally authorized under Wis. Stat. §301.03(3c).

22.     Under §301.01(2), Wis. Stats., the Wisconsin Legislators made it perfectly clear that Wis. Stat. §980.08 patients **are not prisoners**.

5

Exhibit A-11

23.      This MOA, as it applies to Wis. Stat. §980.08 civil patient West violates his

§51.61(1), Wis. Stat. patient rights and West's Constitutional rights as follows:

  a. Section 4.4.1 states: "If not addressed in DHS Standards, DOC will
     supervise according to Division of Community Corrections policies,
     procedures and administrative directives."

  b. Section 4.5 states: "DOC will conduct urinalysis and searches under the
     authority and in accordance with Administrative Code and DOC
     policies."

24.      The language in both Sections 4.4.1 and 4.5 exceed the legislative power

granted to DHS in that it allows DOC to force their punitive policies on civil patients, thus

making Wis. Stat. §980.08 unconstitutionally punitive and making the MOA null and void

as it applies to §980.08 SR clients.

25.      DHS, Timberlake and Angie Serwa did not properly train or supervise the

agencies or personnel they contracted with regarding West's patient rights under Wis.

Stat. §51.61 or Wis. Adm. Code DHS §94.01.  This includes, but is not limited to, DOC,

ACS, Independent Therapist, and any other agency or personnel providing services to

West while on SR in the community.

26.      On August 24, 2020 West's licensed social worker, Susan Brown, at

DHS/SRSTC provided West with a copy of his approved visiting and telephone list and a

copy of the DHS Division of Care and Treatment Services Contact Screening Patient

Form F-25618A used by DHS/SRSTC and approved by Secretary Andrea Palm of DHS

to screen and approve or deny visit and telephone contact for DHS patients. (See **Exhibit**

**2** - Approved Contact List; and **Exhibit 3** - Visiting Screening form.)

27.      West has been with his ex-wife, Beth West, for 35 years and had visits

almost weekly for the past 29 years.  Sometimes long-time friend, Corryn Schulz, also

6

Exhibit A-12

visited at DHS/SRSTC.  Even after COVID19, DHS/SRSTC used the less restrictive alternative concerning West's patient right to visit, and allowed virtual visits via Zoom. West had been visiting via Zoom weekly with Beth West and occasionally with both Beth West and Corryn Schulz.

28.     Beth West was already approved to have contact via phone and visits by DHS.  After West was placed into the community on SR, he was denied his visiting rights with Beth West by CRT.  West was not given a CRLDD under Wis. Stat. §51.61(2) denying West of his right to visit as is required by statute. Wis. Admin. Code DHS §94.05. No less restrictive alternative was ever offered, except complete denial.

29.     Alan West was already approved to have contact via phone and visits by DHS.  Alan West, who is West's brother, is retired from the military after 29 years of service to our country.  West was denied visiting rights with his brother by CRT.  West was not given a CRLDD under Wis. Stat. §51.61(2) denying West his rights to visit this person, as required by statute.  Wis. Admin. Code DHS §94.05.  No less restrictive alternative was ever offered, except complete denial.

30.     Diane Moulton and Darlene Holmes were already approved to have contact via phone and visits by DHS.  Diane Moulton and Darlene Holmes, who are West's aunts in their 70's, and have contact with West and Beth West regularly, were denied for West's telephone and visiting list by CRT.  West was not given a CRLDD under Wis. Stat. §51.61(2) denying West his rights to visit or telephone these people, as required by statute.  Wis. Admin. Code DHS §94.05.  No less restrictive alternative was ever offered, except complete denial.

Exhibit A-13

31.    John Sahagian was already approved to have contact via phone and visits by DHS.  John Sahagian, who is a friend and owner of Sahagian Autobody, where West previously worked in 2013, was denied for West's telephone and visiting list by CRT.  Mr. Sahagian is part of West's support group.  West was not given a CRLDD under Wis. Stat. §51.61(2) denying West his rights to visit or telephone this person, as required by statute.  Wis. Admin. Code DHS §94.05.  No less restrictive alternative was ever offered, except complete denial.

32.    Mary Smrz was already approved to have contact via phone and visits by DHS.  Mary Smrz, who is a close personal friend of both West and Beth West, was denied for West's telephone and visiting list by CRT.  West was not given a CRLDD under Wis. Stat. §51.61(2) denying West his rights to visit or telephone this person, as required by statute.  Wis. Admin. Code DHS §94.05.  No less restrictive alternative was ever offered, except complete denial.

33.    Isis West was already approved to have contact via phone and visits by DHS.  Isis West, who is West's sister-in-law, was denied for West's telephone and visiting list by CRT.  West was not given a CRLDD under Wis. Stat. §51.61(2) denying West his rights to visit or telephone this person, as required by statute.  Wis. Admin. Code DHS §94.05.  No less restrictive alternative was ever offered, except complete denial.

34.    Jeanne Lupo was already approved to have contact via phone and visits by DHS.  Jeanne Lupo, who is Beth West's sister, was denied for West's telephone and visiting list by CRT.  West was not given a CRLDD under Wis. Stat. §51.61(2) denying West his rights to visit or telephone this person, as required by statute.  Wis. Admin. Code DHS §94.05.  No less restrictive alternative was ever offered, except complete denial.

8

Exhibit A-14

35.     West's approved contact list had already been approved using DHS Form F-25618A by the licensed treating professionals at DHS/SRSTC and those contacts were arbitrarily removed without following Wis. Stat. §51.61(2). DOC Agent Kostrzewa denied West contact with those individuals on West's approved DHS contact list. This is in violation of West's patient rights, since West had not violated any of those rights/rules and no licensed treating professional made the determination that exercising these rights would not be in the best interest of West's treatment as set forth in Wis. Stat. §51.61(2) and documented in West's treatment records.

36.     West was informed by defendant, DOC Agent Kostrzewa, that in order to have visits in the community all of West's visitors that were vetted and approved by DHS have to now be vetted under DOC's policies and procedures, now that West is on SR. Defendant DOC Agent Kostrzewa required a face-to-face meeting with any potential visitors wishing to visit West in the community on SR.

37.     As of May 11, 2021 both Beth West and Edwin West are fully vaccinated against COVID-19. West asked ACS Case Manager Shelley Johnson, if he could have visits with Beth West. Johnson told West only clients with court orders are getting visits.

38.     On May 18, 2021 ACS, a non-government agency, wrote and implemented policies and procedures for how and when Civil 980.08 patients can exercise their legal Wis. Stat. §51.61(1)(t) right to visit. (See **Exhibit 6**)

39.     As seen from the memo, now that the pandemic is over and cannot be used as an excuse to deny visits, it appears that ACS is degrading and humiliating patients and their families to disparage visiting, through draconian tactics.

9

Exhibit A-15

40.   ACS's policy requires masks (whether a person is vaccinated or not), social distancing, no hugs, no kiss, no hand shake, no contact.  Visitors are not allowed to bring anything to the house – no food or sharing of food is allowed.  ACS escorts sit with the visit and document every conversation of the visit.  Inmates in the prison system are not subjected to such punitive conditions as what civil patients on SR in the community are subjected to under the ACS policy.  (See **Exhibit 7** – new DOC visiting policies)

41.   As seen from the memo, West can be denied his statutory rights based on staff availability and if his housemate is home.

42.   DOC Agent Kostrzewa contacted Beth West via telephone under the false pretenses that Beth West was going to be vetted for visiting and chaperoning.  However, on June 15, 2021, when Beth West met with DOC Agent Kostrzewa at her DOC office, Kostrzewa started interrogating and harassing Beth West about an incident that took place in 2013, some 8 years ago.  This 2013 incident was already investigated and resolved in 2013.  Beth West told DOC Agent Kostrzewa she was out of line and that her understanding was that the CRT had already investigated the situation and cleared it.  Beth West stated that perhaps she should have an attorney present so she knew what questions she should  and should not be answering and what questions Agent Kostrzewa was allowed to ask her.  Defendant DOC Agent Kostrzewa responded "we are done here" and kicked Beth West out of her office.  When Beth West tried to again talk to Agent Kostrzewa, Kostrzewa stated much louder "we are done here."

43.   The Wests have never had a rule violation concerning visiting on SR.  DHS made Beth West a chaperone for West in 2014.  Beth West took West shopping, out to eat, driving her car, and were allowed to have a romantic relationship.

Exhibit A-16

44.    West has had no rule violations since being released in 2020 on SR, yet West has been given no privileges. West is still being denied visitation with Beth West.

45.    CRT Member Metcalf, who is employed by ACS, was given the title of case manager of West. Metcalf told West he cannot have any money on his person and cannot spend any of his own money, unless she approved it first. Metcalf told West that all financial records, receipts, bank statements and asset statements must be sent to her at ACS. West was forced to open a bank account so Metcalf could have complete control over West's finances. West was ordered to give ACS his identifiers, passwords, account numbers, so ACS could have complete control of West's accounts online.

46.    West told Metcalf that he is a patient under DHS and has the right under Wis. Stat. §51.61(1)(v) to use his own money as he so chooses. West told her he has a right to carry money on his person and spend his money as he chooses. Metcalf told West some clients abused their money so "they" write rules taking away a patient's money. Metcalf never advised who "they" are.

47.    West received a letter from Corryn Schulz stating she ordered West a religious book from a used bookstore. West could not find anything in the rules stating he could not have this gift. West called CRT Member Kostrzewa about this book being sent to him. West was told by Kostrzewa that he was not allowed to have any property sent to the house, no gifts, presents, religious books, or anything unless Kostrzewa pre-approved all property first. (See **Exhibit 5** – Statement of Items Seized).

48.    On October 5, 2020 West had a staffing. West asked to be allowed to have, and continue, his relationship with Beth West so he would not be in violation of Rule No. 9. The CRT denied this request. West also requested to be allowed to work at an auto

Exhibit A-17

body shop that offered West a job.  The CRT denied this request.  10 months later, with no violation on SR, these two requests are still being denied.

49.     On October 10, 2020 ACS Scheduler Yvette came to West's house at 12:30 p.m. claiming that neighbors called because West was looking out his front window. Instead of telling the neighbors West had a right to look out his window, both Metcalf and Kostrzewa called West and gave him a directive to keep his window curtains closed, so he cannot look out the front window.  West is now forced to be in the dark house all the time.

50.     On May 13, 2021, during a home visit by DOC Agents, West took out the garbage and as he was getting his mail, the 84 year old neighbor across the street waved to West and West waved back.  The neighbor told West he is such a good worker and makes the yard look nice.  West replied thank you.  As West returned to the house, DOC Agent Janelle informed West that he should not wave or speak to the neighbor.

51.     ACS escorts and other contract entity individuals have been in West's home more than 600 times in the past 9 months for more than 10 minutes at a time and sometimes for more than 1 hour.  These same ASC escorts are traveling throughout the State of Wisconsin providing escort services with other patients on SR.  These escorts and contract entity individuals do not have to show they have been tested for COVID-19 or even have their temperatures taken.  Denying West his right to visit because of COVID-19, after this amount of traffic has been in and out of West's home, shows COVID-19 is being used as an excuse to deprive West of his legal rights.

52.     ACS escorts come into West's home, searching it inside and outside, sometimes 4 times a day, without cause and without a warrant, at least 350 times in the

12

past 9 months.  Every door is opened, every room is checked and at times, West's property is picked up and pictures are taken of West's property.  Some of these searches occur in the middle of the night, i.e. 11:30 and 3:30 a.m.  ACS escorts use a key to West's house kept in a lock box and without notifying West, creep around the inside of West's home while West is in bed sleeping, waking him up.

53.    On May 24, 2021 DOC Agent Kostrzewa gave West a direct order that his bedroom door is not allowed to be locked at night, that it must remain unlocked so that ACS escorts can creep around in West's bedroom and home in the middle of the night while West is sleeping to search his room and home.  West has complied with the DOC directive.

54.    On May 26, 2021 DOC Agent Kostrzewa ordered West to give her a statement on the door to his room being locked for the past 9 months at night.  West was told if he refused to give a statement that it would be in violation of his rules and if he lied in this statement that it would be a violation of his rules.  West complied with the DOC directive.

55.    Depriving West of his rights to visit, use the telephone, spend his own money, right to property, to work full-time, or even have a key to his house and then ordering West to keep his curtains closed, shutting him off from the outside world, is not about reintegrating West back into the community.  It shows by clear and convincing evidence that SR, as applied to West in the community, is being used as punishment.

56.    Plaintiff has filed a Notice of Claim and Injury pursuant to Wis. Stat. §893.82(3).

13

Exhibit A-19

## CAUSE OF ACTION

### Claim I – Violation of Wisconsin and U.S. Constitutions

57.    Plaintiff realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

58.    Article 14 of the U.S. Constitution, more specifically the Substantive Due Process Clause, protects West, a civil patient with no criminal sentence, from being subjected to punishment or conditions that are shocking to the conscience.

59.    Wis. Stat §980.08 as it is applied is unconstitutionally punitive by clear and convincing evidence as applied to West as follows:

> a.   West had his constitutional rights restored in 1999 by DOC Secretary after completing his criminal sentence.
>
> b.   Wis. Stat. §51.61(1) in this section, "patient" means any individual who is . . . committed or placed under this chapter or . . . 980 . . .
>
> c.   As set forth in the Complaint, when West agreed to SR and was placed into the community, the defendants, CRT, deprived him of his legal patient rights under §51.61(1).
>
> d.   As set forth in the Complaint, DHS and DOC contracted with ACS to provide services to West, a civil patient with no criminal sentence in the community.   ACS, under full authority of DHS, is violating West's statutory and civil rights.
>
> e.   DHS/CRT wrote 74 rules for West to follow while on SR in the community.   21 of these rules violated West's statutory rights or his constitutional rights, are overly broad, unduly burdensome, have nothing to do with preventing sexual offending and are unconstitutionally punitive, as applied to civil patient West.
>
> f.   West's right under Article 1, Section 3 of the Wisconsin Constitution are being violated by the defendants, DHS and CRT, more specifically the second clause under Section 3, which identifies the government as the gravest threat to free speech. As is the case here where the defendants wrote a "rule" forbidding West from speaking to the public or even waving to them when he leaves his home, per the DOC agents.

Exhibit A-20

g. Article 4 of the Wisconsin Constitution forbids illegal search and seizure, without cause or a warrant. Defendants, DHS/CRT, wrote a "rule" taking away West's 4th Amendment right. Defendants have searched West's home more than 350 times without cause or a warrant.

h. Article 5 of the Wisconsin Constitution gives West the right to remain silent. The defendants, DHS/CRT, wrote a "rule" taking away that right. If West refuses to give a written statement it is considered a rule violation and West would be subject to revocation.

i. The defendants, DHS/CRT, placed West under conditions that are substantially worse in community than West was confined under in the institution at DHS/SRSTC.

j. DOC under full authority of DHS is violating West's statutory and constitutional rights. DHS and DOC entered into a MOA to supervise §980.08 SR patients. DHS exceeded this legislative power when it placed language in the MOA to allow DOC to supervise Civil §980.08 patients under the policies, procedures and administrative code of DOC. DOC Agents have been violating West's statutory and constitutional rights and believe they have a right to do so because of the MOA. When the granting of legislative power is made, as it is here, there must be procedural safeguards to prevent the arbitrary, unreasonable or oppressive conduct of the agency". *J.F. Ahern*, 114 Wis. 2d at 90.

### Claim II – Violation of §51.61(1)(t) - Visiting

60.    Plaintiff realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

61.    The defendants, DHS and CRT, wrote a "rule" taking away West's statutory rights to visit his family, friends and support group members who were already approved by DHS prior to West being granted SR and placed into the community. See **Exhibit 2**.

62.    Wis. Stat. §51.61(1)(t) provides: " . . . be permitted to see visitors each day."

63.    Wis. Stat. §51.61(2) provides: "A patient's rights guaranteed under Sub. (1)(p) – (t) may be denied for cause . . . The individual shall be informed in writing of the grounds for the withdrawal of the right and shall have the opportunity for a review of the

Exhibit A-21

withdrawal of the right in an informal hearing. . .   There shall be documentation of the grounds for withdrawal of the rights in the patient's treatment records."

64.    Contrary to the plain terms of Wis. Stat. §51.61(1)(t) and §51.61(2), the defendants, DHS/CRT, disregarded the law and just deprived West of his rights to visit. The evidence shows once West was granted SR he was deprived of his statutory §51.61(1) rights.

65.    Defendants, DHS, Timberlake, Serwa, used COVID-19 to deny West visits. The evidence shows the defendants allowed more than 600 entities into West's home for more than 10 minutes and at times up to one hour over a 9 month period.  These entities did not have to do temperature checks or show that they had tested negative for COVID-19.  These entities were traveling throughout the state doing services.

66.    The defendants, DHS, Timberlake, and CRT exceeded their legal authority when they created a directive, rule or order and did not follow the statutory laws in place when limiting or denying West's rights.

67.    The defendants, DHS and CRT, did not offer or document any less restrictive options such as Zoom visits or outside visits as is required by law under §51.61(2), Wis. Stats. and Wis. Admin. Code DHS §94.05 as to West's right to visit except complete denial.

68.    Even after West and his family were fully vaccinated against COVID-19, the defendants, DHS/CRT, refused to allow West visits, stating that they are only allowing clients with court orders to visit.

69.    Defendants, DHS, Timberlake and Serwa allowed ACS, in violation of Wis. Stat. §227.01 and §51.61(1)(t), to write policies and procedures dictating how and when

Exhibit A-22

a mental health patient can exercise their legal rights to visit. This policy appears to be designed to degrade and humiliate patients and their families to discourage visiting now that the pandemic is over, so that ACS does not have to perform their contracted services to §980.08 patients.

70.     The defendants, DHS, under §51.61(9), Wis. Stats., were granted authority to promulgate rules to implement §51.61(2), Wis. Stats. The defendant, DHS, did just that with Wis. Admin. Code DHS §94:01.

71.     Wis. Admin. Code DHS §94.05(1) defines Wis. Stat. §51.61(2) and Exhibit 1 DHS Form F-26100 Client Rights Limitation or Denial Documentation (CRLDD) which is required by law, prescribes and defines the time, the date and the occasion, whether the right is being limited or denied, how the right can be restored, with such certainty, that nothing remains for judgment or discretion.

72.     On June 15, 2021 Beth West was required to meet with DOC Agent Kostrzewa for a face-to-face meeting in order to be "vetted" and approved for visiting, after being denied visits for 9 months. DOC is making the determination as to who is approved for home visits. Agent Kostrzewa continues to deny visits.

73.     Defendants, DHS/CRT; did not follow any of the statutes or laws as it applies to West's right to visit.

### Claim III – Violation of §51.61(1)(p) - Phones

74.     Plaintiff realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

75.     The defendants, DHS/CRT, wrote a "rule" taking away West's statutory rights to use the phone to call family, friends and support group members who were

Exhibit A-23

already approved by DHS prior to West being granted SR and placed into the community. See **Exhibit 2**, Approved Contact List.

76. Wis. Stat. §51.61(1)(p) provides: "have reasonable access to a telephone to make and receive calls within reasonable limits."

77. As with Claim II, West's rights under Wis. Stat. §51.61(1)(p) may be limited or denied for cause.

78. The defendants, DHS/CRT, did not offer or document any less restrictive options as is required by law under §51.61(2), Wis. Stats. and Wis. Admin. Code DHS §94.05 as to West's right to use the phone, except complete denial.

79. What sets this claim apart from the visiting claim is that COVID-19 does not interfere with the right to use the phone.

80. The evidence shows that when West was granted SR, the defendants, DHS/CRT, deprived West of his §51.61(1)(p) Wis. Stat. phone rights.

81. West was allowed to call Beth West and after the first 40 days, West was granted permission by DOC to call his two aunts and ex-sister-in-law.

82. West was only allowed to call Beth West and others after he agreed to document every call he makes to them and every incoming call on a phone log that the defendant, DOC Agent Kostrzewa ordered him to keep. If the phone log deviated from the phone records West's DOC agent has access to, West would be given a rule violation and revocated.

83. West had 16 approved contacts when he was confined to DHS/SRSTC. He is still only allowed to call 4 people. If West were to exercise his legal rights to use the

Exhibit A-24

phone and call the 16 approved contacts by DHS, he would be given a rule violation and revocated.

### Claim IV – Violation of Wis. Stat. §51.61(1)(v)– Control One's Own Money

84.    Plaintiff realleges and incorporates by reference the allegations set forth above as if fully set forth herein.

85.    The defendants, DHS/CRT, wrote a rule taking away West's statutory rights to have and use his money as he chooses.

86.    Wis. Stat. §51.61(1)(v) provides: "have the right to use his or her money as he or she so chooses . . ."

87.    The defendants, DHS and CRT, gave complete control over West's money, bank accounts, identifiers and passwords to ACS, who told West he is not allowed to have any money on his person, is not allowed to spend any of his own money unless ACS case manager gives West the permission to do so.

88.    Unlike Wis. Stat. §51.61(1)(p) – (t), which may be limited or denied for cause, Wis. Stat. §51.61(1)(v) cannot be limited or denied.  ACS as is set forth herein has stated that West's rights to use and control his own money is being taken away because others have violated their rights to use money and "they" wrote rules taking away West's rights.  West has never violated the right to use his own money.

89.    The defendants, DHS, Timberlake and CRT, as administrative agencies, are creatures of the legislature and have only those powers as are expressly conferred or necessarily implied from the statutory provisions under which they operate.  *Brown County v. DHSS*, 103 Wis. 2d 37, 43, 307 N.W.2d 247 (1981).  DHS, Timberlake and CRT have no authority to eliminate West's statutory right to control his own money when

19

Exhibit A-25

West at the very least has never violated that statutory right.  Only the legislative branch of our government has that authority.

## RELIEF REQUESTED

Wherefore, the plaintiff respectfully requests that this court:

A.      Enter declaratory judgment that Wis. Stat. §980.08 as applied to West violates the Substantive Due Process Clause of the Fourteenth Amendment of the Wisconsin and U.S. Constitutions.

B.      Enter declaratory judgment that searching West's home without cause or a warrant violates the Fourth Amendment of the Wisconsin and U.S. Constitutions.

C.      Enter declaratory judgment that West is a civil patient and has all of the legal rights under Wis. Stat. §51.61(1).

D.      Issue a Writ of Mandamus requiring the defendants to comply with Wis. Stat. §51.61(1)(t) and (p) by immediately allowing members of West's family, friends and support group who were already approved by DHS/SRSTC to have visits and phone contact with West.

E.      Issue a Writ of Mandamus requiring the defendants to comply with Wis. Stats. §51.61(1)(v) and allow West to control his own money.

F.      Enter declaratory judgment that DHS/DOC's MOA exceeds DHS's legislative power conferred to them and violates statutory and civil rights of Civil §980.08 patient West.

G.      West is seeking compensation under the following Wisconsin Statutes:

    1. §51.61(7)(a):  Any patient whose rights are protected under this section who suffers damages as a result of the unlawful denial or violation of any of these rights may bring an action against the person, including the state or any political subdivision thereof, which unlawfully denies or

Exhibit A-26

violations the right in question. The individual may recover any damages as may be proved, together with exemplary damages of not less than $100 for each violation and such costs and reasonable actual attorney fees as may be incurred.

2. §51.61(7)(b): Any patient whose rights are protected under this section may bring an action against any person including the state or any political subdivision thereof, which willfully, knowingly and unlawfully denies or violates any of his or her rights protected under this section. The patient may recover damages as may be proved together with exemplary damages of not less than $500 nor more than $1,000 for each violation, together with costs and reasonable actual attorney fees. It is not a perquisite to an action under this paragraph that the plaintiff suffer or be threatened with actual damages.

3. §51.61(7)(c): Any patient whose rights are protected under this section may bring an action to enjoin the unlawful violation or denial of rights under this section and may in the same action seek damages as provided in this section. The individual may also recover costs and reasonable actual attorney fees if he or she prevails.

4. §51.61(7)(d): Use of the grievance procedure established under sub. (5) is not a prerequisite to bringing an action under this subsection.

5. §51.61(7m): Whoever intentionally deprives a patient of the ability to seek redress for the alleged violation of his or her rights under this section by unreasonably precluding the patient from doing any of the following may be fined not more than $1,000 or imprisoned for not more than 6 months or both.

H.     Each day West is denied each one of his rights constitutes a separate violation for each right per day.  West will be seeking compensation for each violation, each day.

**Plaintiff hereby demands trial to a 12 person jury.**

Dated this 21st day of June, 2021.

**PLAINTIFF, Pro Se:**

**Electronically Signed by Edwin C. West**
Edwin C. West
5129 W. Hemlock Road
Milwaukee, WI  53223

21

Exhibit A-27

DEPARTMENT OF HEALTH SERVICES
Division of Care and Treatment Services
F-26100 (03/2019)

STATE OF WISCONSIN
Wis. Stat. § 51.61(2)
Wis. Admin. Code § DHS 94.05

## CLIENT RIGHTS LIMITATION OR DENIAL DOCUMENTATION

Signature of client is voluntary. If not signed, the staff will witness and document refusal. This record is filed in the client's record and is accessible to all authorized users
INSTRUCTIONS for completion of this form are on the back of this form or page two.

| Name – Client (Last, First MI) | Name – County 51.42 Board which Authorized Placement |
|---|---|

| Name – Agency / Institution / Facility | Living Unit | Date Limitation/Denial Begins |
|---|---|---|

**Client Right to be Affected**
- ☐ Phone use
- ☐ Clothing, Possessions, and Laundry
- ☐ Privacy in Toileting and Bathing
- ☐ Storage Space
- ☐ Visitors
- ☐ Mail (980 patient only)

Describe what less restrictive alternatives have been considered:

Describe Specific, Individualized Limitation / Denial

**Reason for Limitation / Denial**
☐ Safety ☐ Security ☐ Treatment
Explain Specific Reason for Limitation / Denial
Attach Relevant Documentation

Condition for Restoring Right(s) – Explain the specific conditions required for restoring or granting the right.

| Signing either line is acknowledgement of receipt of form. | ☐ Client unwilling or unable to sign. | |
|---|---|---|
| I DO want a hearing/meeting SIGNATURE – Client | | Date Request Signed |
| I DO NOT want a hearing/meeting SIGNATURE – Client | | Date Signed |
| SIGNATURE – Staff (person completing form) | Title / Position | Date Signed |

| Date – Hearing Conducted / Meeting Held | Client's Comments at Hearing / Meeting or Give Location Where Comments are Documented. | |
|---|---|---|
| Hearing / Meeting Outcome ☐ Right Restored ☐ Right / Limitation / Denial Continued ☐ Right / Limitation / Denial Modified as Follows: | | |
| SIGNATURE – Person Conducting Hearing / Decision Maker | Title / Position | Date Signed |

## REVIEW SCHEDULE

This limitation/denial shall be reviewed
- ☐ Daily
- ☐ Weekly
- ☐ Monthly
- ☐ Quarterly
- ☐ Annually
- ☐ Other:

Reasons for Choosing this Review Schedule

| REVIEW DATE | OUTCOME | STAFF SIGNATURE |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

DISTRIBUTION: Original – client's record; Copy – client rights specialist; Copy – county client rights specialist; for state facilities, Client Rights Office; Copy – client or guardian at time of limitation/denial

EXHIBIT
1

Exhibit A-28

## CLIENT RIGHTS LIMITATION OR DENIAL DOCUMENTATION INSTRUCTIONS

Items that are **banned per policy**, such as weapons, do not have to be reviewed and it **is not necessary to complete this form.**

#### Which client rights may be limited or denied?
In accordance with Wis. Stat. §51.61(2), **ONLY** the patient rights in Wis. Stat. §§ 51.61(1)(p) through (t), may be limited or denied **"for cause."** These are the rights to make **telephone calls;** to wear one's own **clothing** and use one's own **personal possessions;** to have access to secure **storage space;** to have **privacy in toileting and bathing;** and to see **visitors** daily. Only 980 patients mail may be inspected, delayed or opened.

#### What is "good cause" for a limitation or denial?
"Good cause of denial or limitation of a right exists **only** when the director or designee of the treatment facility has reason to believe the exercise of the right would create a **security problem,** adversely affect the patient's **treatment,** or **seriously interfere with the rights or safety of others,"** per Wis. Admin. Code § DHS 94.05(2)(a). The "good cause" rationale must be **specifically and individually** documented on this form or on an attachment. **Note:** If the limitation or denial is based on a specific incident that occurred and there is an **"incident report"** or similar documentation required to be filed by internal policy, **a copy should be attached.** The original should be kept in the client's record.

#### Procedure
To limit or deny one of the rights above, **complete this form. A copy must be given to the client** or guardian **at the time of the limitation** or denial, per Wis. Admin. Code § DHS 94.05(3). The other copies should be distributed in accordance with the list at the bottom of the preceding page. Filling out the form completely will ensure that the client or guardian will be given all the information required under §§ DHS 94.05(3)(a) through (d).

#### What if a limitation of some other right is considered?
Some other rights may be limited or denied for individual treatment, security, or safety reasons. **DO NOT USE THIS FORM** for those purposes. Please refer to specific Wisconsin statutes, § 51.61 or § 51.30, or Wis. Admin. Code chs. DHS 92 or 94, about these rights for procedural and documentation requirements. Note that some rights, such as the right to **send or receive mail** or to **refuse treatment or medications,** may not be limited or denied unless a **court order** is first obtained.

#### Limitation vs. denial
**"Denial** of a right may **only** be made when there are **documented** reasons to believe there is **not a less restrictive way** of protecting the threatened security, treatment, or management interests," per § DHS 94.05(2)(b). **"No right may be denied when a limitation can accomplish the purpose and no limitation may be more stringent than necessary** to accomplish the purpose," per § DHS 94.05(2)(c). Consideration of less restrictive alternatives **MUST** be **documented,** either on this form or on an attachment.

#### What is the proper condition for restoring rights?
The condition(s) for restoring the client's rights will depend on the situation that led to their limitation or denial. **Be specific** in stating what conditions are necessary for restoration. Often, the condition will be a change the client needs to make. Sometimes, the condition may be the lifting of a court order or the consent of a third party.

#### What is an informal hearing or meeting with decision maker?
Within three calendar days of the limitation or denial, the client has a right to an "informal hearing" or a "meeting with the person who made the decision to limit or deny the right," per § DHS 94.05(5). The client can request or deny a hearing by signing on the appropriate line. Informal hearings and meetings are equivalent; the only difference being who conducts it. The informal hearing is conducted by the director or designee and the meeting is conducted by the person who made the initial decision to limit or deny the right or if it was a team decision, appropriate representative of the treatment team. **The informal hearing or meeting consists of presenting the individualized, specific reasons for the limitation or denial to the client and the client being given the opportunity to dispute facts or to explain their position about the matter.** The client's comments at the informal hearing or meeting **must** either be documented on this form, which is kept in the client's record, or it must be noted on this form where in the record those comments can be found. The **outcome** of the hearing or meeting must also be **documented** on this form.

#### What is an appropriate review schedule?
Rights limitations or denials must be reviewed on a reasonable schedule to decide if they are still necessary. It is suggested that **all limitations or denials** be reviewed at least **monthly.** Exceptions to monthly review may be made where the limitation or denial is part of a client's treatment program and there is a regular review schedule, such as quarterly, for the program. The schedule for review must be noted on this form. **Rare cases,** such as a limitation on access to a possession, which may be deemed counter-therapeutic to the individual, may be reviewed annually. In no case should a review schedule be longer than annually.

Exhibit A-29

DEPARTMENT OF HEALTH SERVICES
Division of Care and Treatment Services
F-20443 (10/2016)

STATE OF WISCONSIN

## PATIENT REQUEST

Completion of this form is voluntary. If not completed, your request will not be processed. The information is used only to process a request; it is filed in the patient record and is accessible to authorized users of the record.

| Name – Patient (Last, First, MI) | MR Number | Living Unit/Wing | Date – Request Made |
|---|---|---|---|
| WesT  Ed | 100173 | FB 211 | 8-21-2020 |

Request Susan, I would like your help with (2) things. First could I get a copy of my visiting and phone approved SRSTC list.

Secons if possible could I get a copy of a blank visiting & Phone application that we send out to people we would like approved for calling at SRSTC. I want to be able to show how careful & through the screwning process is here for visiting & Phone approval.

Thanks E.W.

| Decision | Date – Decision Given |
|---|---|
| Information requested attached. | 8/24/20 |
| | Susan Brown |

EXHIBIT
2

Exhibit A-30

**WEST, EDWIN  100173**
**Approved Contact List – 08/24/2020**

<u>**Contact Name**</u>

**Holmes, Darlene C  - Aunt**     <u>**Address:**</u>
**Physical Contact: No    Phone: Yes        DOB:**
**Phone:**

**Jensen, Jeffrey  - Attorney**     <u>**Address:**</u> 111 East Wisconsin Avenue, Ste 1925  Milwaukee, WI 53202
**Physical Contact: No    Phone: Yes        DOB:**
**Phone:** (414) 671-9484 Unknown

**Jude, Michael  - Attorney**     <u>**Address:**</u>        819 North 6th Street, Room 908  Milwaukee, WI 53203
**Physical Contact: No    Phone: Yes        DOB:**
**Phone:** (414) 227-4722 Unknown  (414) 227-4130 Unknown

**Lupo, Jeanne M  - Other**     <u>**Address:**</u>
**Physical Contact: Yes    Phone: Yes        DOB:**
**Phone:**

**Moulton, Diane F  - Aunt**     <u>**Address:**</u>
**Physical Contact: Yes    Phone: Yes        DOB:**
**Phone:**

**Peterson, Robert  - Attorney**     <u>**Address:**</u> 731 Main Street  Racine, WI 53403
**Physical Contact: No    Phone: Yes        DOB:**
**Phone:** (262) 632-1066 Unknown

**Riepenhoff, Joseph  - Attorney**  <u>**Address:**</u> 819 North 6th Street 9th Floor  Milwaukee, WI 53203
**Physical Contact: No    Phone: Yes        DOB:**
**Phone:** (414) 227-4723 Unknown

**Schulz, Corryn E  - Friend**     <u>**Address:**</u>
**Physical Contact: Yes    Phone: Yes        DOB:**
**Phone:**

**Shagian, John P  - Friend**     <u>**Address:**</u>
**Physical Contact: No    Phone: Yes        DOB:**
**Phone:**

**Sheppard, Janice R  - Clergy**     <u>**Address:**</u>
**Physical Contact: Yes    Phone: No        DOB:**
**Phone:**

**Smrz, Mary J  - Friend**   <u>**Address:**</u>
**Physical Contact: Yes    Phone: Yes        DOB:**
**Phone:**

Exhibit A-31

**Spiro, Steven H  - Clergy**      **Address:** ▮
**Physical Contact: Yes   Phone: No**      **DOB:** ▮
**Phone:**

**Weinberg, Mark  - Attorney      Address:** 3612 North Tripp Avenue  Chicago, IL  606413037
**Physical Contact: No    Phone: Yes      DOB:**
**Phone:** (773) 283-3913 Unknown

**West, Alan J  - Brother  Address:** ▮
**Physical Contact: Yes   Phone: Yes      DOB:** ▮
**Phone:** ▮

**West, Beth A  - Ex Spouse      Address:** ▮
**Physical Contact: Yes  Phone: Yes      DOB:** ▮
**Phone:** ▮

**West, Iris L  - Sister In-Law      Address:** ▮
**Physical Contact: Yes  Phone: Yes      DOB:** ▮
**Phone:** ▮

Exhibit A-32



Tony Evers
Governor

Andrea Palm
Secretary

DIVISION OF CARE AND TREATMENT SERVICES

SAND RIDGE SECURE TREATMENT CENTER
PO BOX 700
MAUSTON WI 53948-0700

**State of Wisconsin**
Department of Health Services

Telephone: 608-847-4438
Fax: 608-847-1790
TTY: 711 or 800-947-3529

Re:

Dear Contact:

In order to provide a safe environment for SRSTC contacts, patients, and staff, security measures need to be taken. If you are interested in having contact with a patient at SRSTC, it is necessary for you to completely and accurately answer the questions on the enclosed F-25618A, Contact Screening – Patient form. All potential contacts will be required to complete an F-25618A form prior to their initial contact. All questions must be answered as completely as possible due to the fact that SRSTC uses the information to complete a criminal background check. You must provide a copy of a picture ID with this application in order to be considered for approval to visit (phone contact ONLY does not require a picture ID). Failure to provide complete and accurate information will delay the process and can be considered sufficient reason for denial. Upon approval or denial, you will be notified in writing by SRSTC.

No person under 18 years of age will be allowed contact unless the minor is the biological or legally adopted child or grandchild, stepchild or sibling. The minor must be accompanied on his/her visits by an adult who is an approved visitor of this patient at SRSTC.

Visitors will be required to provide proper identification on every visit and sign the Visit Log Book. Identification must be current.

I.      Proper identification for adults includes one of the following:
   - State Drivers License
   - Valid Military ID
   - Department of Transportation Identification Card
   - State Picture ID
   - Passport

II.     Proper identification for individuals under the age of 18 includes:
   - Any of the above
   - Social Security Card
   - Birth Certificate

SRSTC has a secure phone system that allows all outgoing phone calls, other than attorney calls, to be recorded and monitored. If you become an approved visitor/caller, it is important for you to note that approval is specific to you as an individual and does not extend to other members of your household or family, or both. If it is brought to our attention that you are extending your privileges to others (beyond the randomness of a non-approved person answering the phone and handing it to you) your approved caller status may be revoked.

If you are interested in receiving collect phone calls from a patient at SRSTC, it is necessary for you to contact NCIC to remove any block that may be present on your phone and also to set up billing arrangements. You may contact NCIC at 800-943-2189 or at http://www.ncic.com.

This completed form should be returned to:

   Social Services Department
   Sand Ridge Secure Treatment Center
   P.O. Box 700
   Mauston, WI 53948-0700

*www.dhs.wisconsin.gov*

**EXHIBIT**
**3**

Exhibit A-33

DEPARTMENT OF HEALTH SERVICES                                                    STATE OF WISCONSIN
Division of Care and Treatment Services
F-25618A (01/2019)

## CONTACT SCREENING - PATIENT

Completion of this form is voluntary. If not completed, the right to have contact will be denied. This form is handled in a confidential manner and is available to authorized staff only. Upon approval, the patient will be provided your address and phone number.

I am applying for:                                                              Staff Use Only
☐ Visitation and Telephone   ☐ Visitation ONLY   ☐ Telephone ONLY              WICS  CCAP  NICS

| Name – Patient (Last, First, MI) | Name – Adult Contact (Last, First, MI) | | |
|---|---|---|---|
| Street Address | City | State | Zip Code |

| Date of Birth | Sex ☐ Male   ☐ Female | Telephone Number | Telephone Number  (Cell Phone) |
|---|---|---|---|

Please list other names you are using or have been known by, including maiden name.
☐ None or Not Applicable

| Your Relationship to Patient | How did you Meet? | If a friend, when did you meet? |
|---|---|---|

| Are you or is any member of your family a victim of this patient?<br>☐ No   ☐ Yes – Describe: | Have you lived in other states?<br>☐ No  ☐ Yes, please list: |
|---|---|

Have you ever been convicted (Misdemeanor and / or Felony)?

☐ No   ☐ Yes – Describe:

Have you ever been involved in a crime with this patient?

☐ No   ☐ Yes – Describe:

Have you ever been in jail or prison?

☐ No   ☐ Yes – Where:                    When Released:

Are you presently on probation, parole, or mandatory release?

☐ No   ☐ Yes – List your agent's name and phone number:

Have you ever been arrested on a drug charge?

☐ No   ☐ Yes – Describe:

Have you ever been arrested for any sexually related offenses?

☐ No   ☐ Yes – Describe:

Are you currently in contact with any other patients or inmates in a state facility?

☐ No   ☐ Yes – List Names:

**I hereby declare the above statements are true and I understand that providing incorrect or incomplete information may result in a limitation or denial of contact privileges.**

| SIGNATURE – Contact | Copy of Photo ID Attached (Visitation ONLY)<br>☐ Yes  ☐ No | Date—Signed |
|---|---|---|

## MINOR CONTACTS

List the minors below and check the box for type of contact being requested for approval (if applicable):

☐ Visitation and Telephone        ☐ Visitation ONLY        ☐ Telephone ONLY

| Name  - Minor (Last, First, MI) | Minor's Relationship to Patient | Birthdate—Minor |
|---|---|---|
| Name  - Minor (Last, First, MI) | Minor's Relationship to Patient | Birthdate—Minor |

Approval of Parent or Guardian:
I hereby declare that I am the parent or guardian of the minor(s) named above, and that I hereby give my approval for him / her to have contact with the patient named on this form.

| SIGNATURE – Parent / Guardian | Date—Signed |
|---|---|

## FOR STAFF USE ONLY

| Contact Status—Adult<br>☐ Approved Phone/Visit   ☐ Approved Phone; Visit Denied   ☐ Denied Phone/Visit | Reason for Denial—Adult |
|---|---|
| SIGNATURE – Social Worker / Designee | Date Signed |

| Contact Status—Minor(s)<br>☐ Approved Phone/Visit   ☐ Approved Phone; Visit Denied   ☐ Denied Phone/Visit | Reason for Denial—Minor(s) |
|---|---|
| SIGNATURE – Deputy Director | Date Signed |

Exhibit A-34

# Rules of Supervision

| PERSON: | | |
|---|---|---|
| Name: | SID: | DOC #: |
| EDWIN C WEST | 452309 | 198685 |

| CASE INFORMATION: | | |
|---|---|---|
| Case Identifier: | | |
| 452309-1 | | |

| DEPARTMENT OF CORRECTIONS | WISCONSIN |
|---|---|
| Division of Community Corrections | Wisconsin Statute 973.10 |
| DOC-10 (Rev. 1/2014) | Administrative Code |
| | Chapter DOC 328 & 331 |

**NOTICE:** IF YOU ARE RELEASED FROM PRISON, THE HIGHEST POSSIBLE SENTENCE UPON REVOCATION WILL BE THE TOTAL SENTENCE LESS TIME ALREADY SERVED IN PRISON OR JAIL IN CONNECTION WITH THE OFFENSE.

IN ACCORDANCE WITH WISCONSIN ADMINISTRATIVE CODE, S. DOC 328.12, YOU HAVE AN OPPORTUNITY FOR ADMINISTRATIVE REVIEW OF CERTAIN TYPES OF DECISIONS THROUGH THE OFFENDER COMPLAINT PROCESS.

THE FOLLOWING RULES ARE GOVERNED BY ADMINISTRATIVE CODE, COURT ORDERED CONDITIONS, AND ANY GOALS OR OBJECTIVES SET BY THE DEPARTMENT OF CORRECTIONS. FAILURE TO MEET THESE EXPECTATIONS MAY RESULT IN PROGRESSIVE SANCTIONS UP TO AND INCLUDING REVOCATION. ALL RULES LISTED BELOW ARE ACTUAL AND IN FULL FORCE AND EFFECT. BY SIGNING BELOW, YOU AS THE OFFENDER, ACKNOWLEDGE YOU HAVE RECEIVED A COPY OF THESE RULES AND YOUR AGENT OR DESIGNEE HAS EXPLAINED THEM TO YOU.

YOU SHALL:

The Rules of Supervision were last updated by Jennifer Kostrzewa on 10/20/2020 9:44 AM

| RULES OF SUPERVISION |
|---|
| SP 001. You shall follow all rules of Supervised Release. |

Agent: I have reviewed and explained these rules to the offender.

Offender: I have received a copy of these rules.

Signed: _Edwin West_      Date: _10-20-2020_

Signed: _J. Kostrzewa_      Date: _10/20/2020_

EDWIN C WEST (452309)
Northpointe Suite version 8.20.1.16427 ©2020 Northpointe Inc., an equivant company. All rights reserved.

**EXHIBIT 4**

Printed on: 10/20/2020 9:44 AM
Page 1 / 1

Exhibit A-35

DEPARTMENT OF HEALTH SERVICES
Division of Mental Health and Substance Abuse Services
F-25615 (12/2015)

STATE OF WISCONSIN
Wisconsin State Statute
Chapter 980

## SUPERVISED RELEASE RULES

| Name – Client (Last, First MI) *West, Edwin* | ID Number *198685* |
|---|---|

Signing this form is voluntary. Declining to sign this form may be considered a rule violation and could lead to the submission of a petition for revocation of your Supervised Release.

The following rules are in addition to any court-ordered conditions. Your Supervised Release may be revoked if you do not comply with any of your court-ordered conditions or if you violate any of the following rules:

Treatment – The following rules apply unless otherwise directed or approved by the Department of Health Services (DHS) and your Community Reintegration Team:

1. You shall accept and cooperate with the counseling and rehabilitation opportunities made available to you while on supervised release.
2. You shall sign necessary releases of information allowing for the exchange of information between DHS, DHS contracted entities, and other service providers for the purpose of collateral contacts, service coordination, and to confirm treatment compliance.
3. You shall submit to polygraph (lie detector) examinations in accordance with Wisconsin Statute § 51.375.
4. You shall fully cooperate with, participate in, and successfully complete all evaluations, counseling, and treatment, including but not limited to: sex offender treatment; risk assessments and evaluations; AODA treatment; anger management; physiological testing; and psychological testing.
5. You shall fully cooperate with any testing, evaluation, and treatment from a medical provider, physician, or psychiatrist, including taking all medications as prescribed or labeled.
6. You shall pay fees for treatment and services.
7. You shall report on time for all appointments.

Contacts – The following rules apply unless otherwise directed or approved by DHS and your Community Reintegration Team:

8. You shall have all contacts and relationships, including those with adults and family members, approved by your Community Reintegration Team.
9. You shall not establish, pursue, or maintain any dating, romantic, or sexual relationship with another person.
10. You shall disclose your prior sexual and violent offenses and behaviors to all approved contacts and chaperones.
11. You shall have no contact, including attempted contact, with any prior victims of your offenses or their family members. Contact includes face-to-face, drive-by, third party facilitated, or any form of communication, including but not limited to, telephone, computer, written, mail, and any other electronic or scientific means.
12. You shall have no contact with any person under the age of 18 years or with potential target victims (based on your offense history). Any contact authorized by the Community Reintegration Team with persons under the age of 18 years or with potential target victims must be supervised by a sober adult chaperone that is authorized by your Community Reintegration Team to provide this supervision.
13. You shall permit no person of any age to be in your residence at any time.

Employment – The following rules apply unless otherwise directed or approved by DHS and your Community Reintegration Team:

14. You shall seek, obtain, and maintain verifiable employment.
15. You shall provide written verification of job search efforts if unemployed or underemployed.
16. You shall immediately inform your Community Reintegration team if you are terminated, suspended, or laid off from your employment.
17. You shall accept offers of employment or begin any volunteer work only after approval from your Community Reintegration Team.
18. You shall not work or socialize in any capacity which brings you into direct contact with any target victim populations, such as women, children, elderly, disabled, and non-English speaking individuals.
19. You shall not hold a position in which you supervise others.
20. You shall not initiate or maintain any employment that brings you into contact with minors.
21. You shall not initiate or maintain any employment that gives you access to a private residence.

_____ *initial*   _____ *date*

Exhibit A-36

F-25615  Page 2

| Name -- Client (Last, First MI) | ID Number |
|---|---|
| *West, Edwin* | *198685* |

**Reporting** -- The following rules apply unless otherwise directed or approved by DHS and your Community Reintegration Team:

22. You shall report all arrests or police contact as soon as possible to your Community Reintegration Team.
23. You shall inform your Community Reintegration Team of your whereabouts and activities as directed.
24. You shall provide true and accurate information orally and in writing in response to inquiries by your Community Reintegration Team.
25. You shall submit requests for all activities, purchases, privileges, etc. as directed by your Community Reintegration Team.
26. You shall provide and submit complete and accurate written statements and reports as directed.
27. You shall attend all scheduled and unscheduled meetings, supervision, and appointments on time.

**Financial** -- The following rules apply unless otherwise directed or approved by DHS and your Community Reintegration Team:

28. You shall not purchase, trade, sell, or operate a motor vehicle.
29. You shall not borrow money, lend money, possess a credit card, or purchase anything on credit.
30. You shall cooperate with any directive given by DHS, your Community Reintegration Team, and/or payee (if one is assigned) related to financial management and expenditures.
31. You shall pay all court-ordered financial obligations and treatment co-payments.
32. You shall contribute to the cost of your care based on your ability to pay in accordance with the Supervised Release Program policy and Wisconsin Statute § 46.10.

**Residence** -- The following rules apply unless otherwise directed or approved by DHS and your Community Reintegration Team:

33. You shall reside only at your designated and approved residence. Your designated and approved residence is the location which was listed on your most recent supervised release plan or addendum that was sent to and approved by your committing court.
34. You shall not reside near, visit, be employed at, or be on the premises of any parks, schools, campgrounds, video arcades, day care centers, swimming pools, beaches, fairs/festivals, malls (shopping or pedestrian) or other places where children tend to congregate.
35. You shall not change residences or establish alternative living arrangements. In the case of an emergency that renders your residence uninhabitable, immediately notify a member of the Community Reintegration Team.
36. You shall not permit any person of any age to be in or stay at your residence.

**Possessions** -- The following rules apply unless otherwise directed or approved by DHS and your Community Reintegration Team:

37. You shall not purchase, possess, view, or use any sexually explicit, pornographic, or sexually suggestive materials that depicts or describes any intimate parts of an adult, adolescent, or child. Intimate parts means the breast, buttock, anus, groin, scrotum, penis, vagina or pubic mound, of a human being as defined in Wisconsin Statute § 939.22(19).
38. You shall not possess any pictures of your victims.
39. You shall not purchase or possess any photographs or other pictures of any persons under the age of 18 years. Any approved picture of a person under the age of 18 must be marked with the approval of your Community Reintegration team.
40. You shall not purchase or possess any items designed to appeal primarily to persons under the age of 18 years, including but not limited to, clothing, toys, games, books, or videos.
41. You shall not purchase, possess, or use a home-based computer, software, modem, game system, game system games, or game system accessories.
42. You shall not purchase, possess, or use any electronic device that has the capability of accessing the internet.
43. You shall not purchase, possess, or use a cell phone, smart phone, pager, or calling card.
44. You shall not purchase or possess a pet or any living creature.
45. You shall not purchase, own, or manage any residential rental properties.
46. You shall not purchase, possess, own or carry any firearm, as you are prohibited from doing so under Wisconsin Statutes § 941.29 and federal law 18 USC § 922(g)(4).
47. You shall not purchase, possess, own or carry any weapons.

**Behaviors and Actions** -- The following rules apply unless otherwise directed or approved by DHS and your Community Reintegration Team:

48. You shall not engage or participate in any conduct which is in violation of federal or state statute, municipal or county ordinances, tribal law, or which is not in the best interest of the public's welfare or your rehabilitation.
49. You shall not have any sexual contact, as defined in Wisconsin Statute § 939.22(34), with any person. You shall have no sexual contact with an animal.
50. You shall not gain or attempt to gain access to the internet at any location or using any means.

_____ *initial* _____ *date*

Exhibit A-37

F-25615  Page 3

| Name – Client (Last, First MI) | ID Number |
|---|---|
| West, Edwin | 798685 |

51. You shall report all passwords, screennames, usernames, email addresses, and any other electronic identifiers you may have to your Community Reintegration Team. You shall not open, maintain, or gain access either directly or via third party to any social media account.

52. You shall not knowingly be within 1,500 feet of any of your victims, their homes, place of employment, place of worship, or school.

53. You shall not discipline any children or be in any situation in which you are involved in decisions regarding discipline.

54. You shall not be present in a location frequented by minor children without prior agent approval and unless accompanied by a sober adult chaperone who has been approved by your Community Reintegration Team.

55. You shall not consume or possess alcohol, low alcohol beverages, illegal drugs, or controlled substances. You shall not possess any drug paraphernalia. Possession and use of approved over the counter medications and prescription medications with a valid prescription are permitted provided the medication is used as labeled or prescribed.

56. You shall not be on the premises or adjacent property, sidewalks or parking lots of any businesses for which the sale and/or consumption of alcohol is the primary function.

57. You shall not harm or threaten to harm property, self, others, or animals.

58. You shall not place an advertisement through any sort of media or respond to any personal advertisements.

59. You shall not make third party phone calls and 900 prefix calls.

60. You shall not leave the State of Wisconsin pursuant to DHS Administrative Rule 98.04(3)(k). You shall not leave the United States for any reason.

61. You shall not travel outside of your county of placement.

62. You shall not, until you have successfully completed the terms and conditions of any sentence for a felony, vote in any federal, state or local election in accordance with Wisconsin Statute § 6.03(1)(b).

**Program Compliance – The following rules apply unless otherwise directed or approved by DHS and your Community Reintegration Team:**

63. You shall not maintain a relationship with any person, including family members, who by action or speech is obstructing your supervised release and community reintegration.

64. You shall fully comply with all requirement of the Sex Offender Registration Law, Wisconsin Statute § 301.45. You shall report to, and register in person, with local law enforcement agencies as directed. You shall immediately respond to all correspondence from the Sex Offender Registration Program.

65. You shall fully comply with Wisconsin Statute § 165.76 requiring a biological specimen to be submitted to the State Crime Lab for DNA testing.

66. You shall make yourself available for searches, including but not limited to, residence, vehicle, work space, property, computer, cell phone, or other electronic devices under your control.

67. You shall make yourself available for and comply with ordered tests, including but not limited to, urinalysis, DNA collection, breathalyzer, and blood samples.

68. You shall abide by all rules of any detention, treatment, or correctional facility in which you may be confined.

69. You shall cooperate with the requirements and maintenance of any form of electronic monitoring, including statutorily mandated Global Positioning System in accordance with Wisconsin Statute § 301.48.

70. You shall cooperate with all Global Positioning System procedures, expectations, and requirements; the monthly activity scheduling process; residential monitoring; and community chaperoning.

71. You shall cooperate with all services identified in your supervised release plan, and comply with these Supervised Release Rules, any additional rules the court approves or may impose, and all rules and expectations of agencies and service providers that are legitimately providing services to you for the purpose of your rehabilitation.

72. Specialized Rules: You shall follow all specialized rules issued by your Community Reintegration Team to achieve the goals and objectives of your Supervised Release. The rules may be modified at any time. The specialized rules imposed at this time are (specialized rules shall be attached on a separate page and each rule shall be initialed by the client):

I reviewed and explained these rules to the client.

| SIGNATURE – DHS Staff or Authorized Representative | Date – Signed |
|---|---|
| | 10/20/2020 |
| Name – Printed  Jennifer Kostrzewa | Position/Title  Probation/Parole Agt 80917 |

I received a copy of these rules.

| SIGNATURE – Client  Edwin West | Date – Signed |
|---|---|
| | 10/20/2020 |

Exhibit A-38



## Wisconsin Department of Corrections
Governor Tony Evers | Secretary Kevin A. Carr

January 2019

### NOTICE

As a registered sex offender, you must provide the Wisconsin Sex Offender Registry with certain information regarding your email accounts and Internet usage. Specifically, Wisconsin law requires that registrants provide:

*The name or number of every electronic mail account the person uses, the Internet address of every Web site the person creates or maintains, every Internet user name the person uses, and the name and Internet address of every public or private Internet profile the person creates, uses, or maintains.*

Wis. Stat. §301.45(2)(a)6m. Examples include, but are not limited to:

- Internet addresses, user names and profiles for social network and/or media services, such as Facebook, Twitter, KIK, newsgroups, chat rooms and message boards.
- User names or profiles for online shopping and personal banking sites, such as PayPal or EBay.

This requirement only applies to an account, web site, Internet address, or Internet profile you create, use or maintain for your personal, family, or household use. Therefore, you do not need to report every website you visit or browse. Do not provide passwords. Be advised that the Department will not place the information provided pursuant to Wis. Stat. §301.45(2)(a)6m on any registry that the public may view. Failure to comply with this requirement is a Class H felony which is punishable by up to six (6) years in prison and a $10,000 fine.

Report the information required by Wis. Stat. §301.45(2)(a)6m to any of the following:

| Mailing Address | Email Address | Telephone |
|---|---|---|
| Wisconsin Sex Offender Registry<br>PO Box 7925<br>Madison, WI 53707-7925 | docbopadmin@wisconsin.gov | (608) 240-5830<br><br>Non-business Hours (888) 963-3363 |

If you have any questions, please contact your agent, registration specialist or call the Wisconsin Sex Offender Registry at (608) 240-5830. For additional information, you may also visit our website: http://widocoffenders.org.

Wisconsin Sex Offender Registry

Exhibit A-39

DEPARTMENT OF CORRECTIONS
Division of Community Corrections
DOC-1165 (Rev. 3 /15)



WISCONSIN
Administrative Rule
Sections DOC 328.22 & 328.23
Wisconsin Statutes
Section 968.20

## STATEMENT OF ITEMS SEIZED OR DAMAGE TO PROPERTY SEARCHED

1 OF 1 PAGES

| OFFENDER NAME | DOC NUMBER | DATE OBTAINED |
|---|---|---|
| West, Edwin | 198685 | 09/14/2020 |

| OBTAINED FROM | LOCATION |
|---|---|
| Mr. West residence | 5129 W. Hemlock Rd Milwaukee 53223 |

| ITEM # | DESCRIPTION OF ITEMS SEIZED (Include Identification Marks) AND SPECIFIC LOCATION THE ITEM WAS DISCOVERED AND SEIZED FROM | SERIAL # (If Applicable) | ITEM DAMAGED DURING SEARCH |
|---|---|---|---|
| 1 | package with return address of HPB-Kenwood 8118 Montgomery Rd Cincinnati Ohio 45236-2935 | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

PREMISES/PROPERTY DAMAGED DURING SEARCH  ☐ Yes  ☒ No    IDENTIFY DAMAGE

**Section 1 – Verification of Items Seized:** While I do not admit, nor deny ownership of these items listed, I acknowledge that it is a complete and accurate accounting of the items seized during the search and seizure described.

| OFFENDER / WITNESS - PRINT NAME | OFFENDER / WITNESS SIGNATURE: | DATE SIGNED[1] |
|---|---|---|
| AGENT - PRINT NAME<br>Jennifer Kostrzewa | AREA NUMBER<br>30917 | AGENT SIGNATURE: | DATE SIGNED[2]<br>9/14/20 |

**Section 2 – Return / Transfer of Items Seized:** The above items have been transferred to the custody of the individual and / or jurisdiction documented below.

| PERSON RECEIVING ITEMS – PRINT NAME | TITLE | DATE RECEIVED |
|---|---|---|
| Beth West | X-wife | 10/28/2020 |
| RECEIVER SIGNATURE: *Beth West* | | DATE SIGNED[3] |

### DISPOSAL OF CONTRABAND

Any person claiming the right to possession of property seized without a search warrant may apply for its return to the circuit court for the county in which the property was seized. Contraband will be disposed of in accordance with Wisconsin Statutes and Administrative Code. If you wish to appeal the decision to destroy confiscated property, you have the right to an administrative review according to the Department of Correction Administrative Rule. You may ask your agent for information on requesting an administrative review.

- Seized firearms or ammunition shall not be returned to any person who is prohibited from possessing the firearm or the ammunition.
- Any seized property may be returned to the rightful owner if the owner had no prior knowledge of and gave no consent to the offender's negative use of the property.
- Any Property that may not be returned shall be disposed of per Department of Corrections procedures.

**EXHIBIT 5**

DISTRIBUTION: After Seizure of Property: Original – DCC Offender Case File; Copy – Regional Office; Copy – Attached to Property; Copy – Offender After Transfer of Items Seized: Original – DCC Offender Case File; Copy – Person Receiving Items; Copy – Regional Office: Copy –Offender

Exhibit A-40

# MEMO

To: Supervised Release Clients
From: Supervised Release Program
Date: May 18, 2021
Re: Visit Expectations

The Reintegration of Services committee has reviewed the CDC Guidelines and discussed the possibility of visits returning. In order to start visits again you will need to complete the tasks outlined below.

1. If you are interested in resuming your visits and you were receiving visits in the past you should discuss it with your Community Reintegration Team (CRT) and if your team approves the visits you will be able to resume these in June.
2. If you are interested in starting visits and did not have them in the past you will need to begin the approval process with your Community Reintegration Team.

When the visits have been approved by your CRT then the following expectations will need to be followed.

1. Limit of 2 visitors per visit
2. Visits can be up to 3 hours at a time
3. Visits can only take place at the client's residence. No alternate locations would be approved at this time.
4. Visits can take place outside of the residence if the team approves and the weather is appropriate. If the weather is not
   a. If visits take place in the residence they should take place in only 1 room, living room or kitchen.
5. Masks are required for all participants, client, staff, and visitor, regardless if you have received the vaccine.
6. Visitors must maintain social distance.
   a. No physical contact
   b. No hugging
   c. No handshakes
7. The visitors are not allowed to bring in any property.
8. Visitors or clients are not allowed to bring in or make any shared meals during visits.
9. Visit times will be offered based on the client's roommates time out as well as the staff's availability.
10. During visits staff could arrive for Randoms and ensure that the guidelines above are being followed.

If these expectations are not followed by the client or visitor the visits may be discontinued and the CRT can discuss if or when the visits can be reinstated.

**EXHIBIT**
**6**

Exhibit A-41

tate of Wisconsin
)epartment of Corrections

f_
(https://www.facebook.com/WICorrections/
𝕏 (https://twitter.com/WICorrections)
in_
(https://www.linkedin.com/company/wicorr

# Resuming In-Person Visitation

**Division of Adult Institutions (/Pages/AboutDOC/AdultInstitutions.aspx)**

Adult Facilities (/Pages/OffenderInformation/AdultInstitutions/AdultFacilities.aspx)

Incarceration Lifecycle (/Pages/OffenderInformation/AdultInstitutions/IncarcerationLifecycle.aspx)

Visiting Information (/Pages/OffenderInformation/AdultInstitutions/VisitingInformation.aspx)

Resuming In-Person Visitation
(https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/ResumingInPersonVisitation.aspx)

Money, Mail & Property (/Pages/OffenderInformation/AdultInstitutions/MoneyMailProperty.aspx)

General Information (/Pages/OffenderInformation/AdultInstitutions/GeneralInformation.aspx)

Annual Reports (/Pages/OffenderInformation/AdultInstitutions/AnnualReports.aspx)

# Resuming In-Person Visitation

## In-person visitations will resume on July 6, 2021

The Wisconsin Department of Corrections (DOC) made the decision to resume in-person visitation at DOC facilities after careful consideration and review of the updated CDC guidelines, and in consultation with the Wisconsin Department of Health Services (WI DHS). Wisconsin is seeing a real and sustained downward trend in COVID-19 cases across the state that has been mirrored inside DOC facilities. In addition, COVID-19 vaccination rates continue to increase among persons in DOC care and the state's general population. Given these facts, DOC has decided, in conjunction with the WI DHS, that it is safe to resume normal operations with the proper precautions.

Factors considered in the decision to resume in-person visitation include, but are not limited to:

- The rate of vaccination for persons in our care
- Outbreak status at DOC facilities
- DHS consultation and guidance
- Facility design and ability to isolate/quarantine
- Community disease activity as observed on the WI DHS COVID-19 Activity Page



Exhibit A-42

(https://www.dhs.wisconsin.gov/covid-19/local.htm).

DOC will continue to offer on-site video visitations only at Milwaukee Secure Detention Facility (MSDF). Visiting guidelines may vary slightly by facility, based on individual institutional concerns.

If COVID-19 cases in a specific DOC facility or surrounding community begin to rise during this transition period, or if other, unforeseen circumstances arise, face-to-face visitation may be suspended.  DOC will work with the Wisconsin Department of Health Services in determining if face-to-face visitation needs to be suspended at a DOC facility.

## Re-opening Plans

DOC facilities are putting plans in place that promote safe face-to-face visitation, including screenings of visitors and incorporating any changes to allow appropriate physical distancing in visitation areas.

## Scheduling a Visit

People can begin to schedule in-person visits at 9:00 a.m. on Wednesday, June 16. Visitors are asked to schedule their in-person visits at least two business days (excludes Saturdays, Sundays and holidays) in advance. They are encouraged to schedule by emailing the same address they have been using to set up Zoom visits, which can be found by going to the individual institution's page (https://doc.wi.gov/Pages/OffenderInformation/AdultInstitutions/AdultFacilities.aspx) on the DOC website.  Those without internet access can call the institution's main line. Whether calling or emailing, visitors are asked to specify whether they are requesting a zoom or in-person visit.

## Updated DAI Expectations for Visiting

In addition to the new scheduling process for visitors, there are several updated visitation guidelines designed to protect persons in our care, visitors and DOC staff. Those include:

- DOC expects initial demand for in-person visits to be high. Due to social distancing and other preventative measures related to COVID-19, capacity in visitation areas has been decreased, but DOC institutions will attempt, when possible, to honor up to two face-to-face visiting periods each week for each person in our care. The number of visits may vary by institution to account for individual site needs.

- Institutions will continue to offer video visits as a supplement to face-to-face visitation, allowing persons in our care one video visit a week. Video visits will continue to be free to all persons in DOC's care. Each person in DOC care will also continue to receive two free phone calls and a free envelope per week until DOC returns fully to pre-pandemic operations.

- Each DOC institution will develop entrance procedures for visitors, which will include a COVID-19 screening (temperature and symptoms check) by security staff.

## Updated COVID-19 Precautions, Rules and Guidelines for Visiting

DOC understands seeing loved ones in-person for the first time in 15 months will be an emotional experience for many. However, due to the continued threat of COVID-19, DOC is imposing the following rules when face-to-face visitation resumes on July 6:

- Initially, up to three approved visitors will be allowed for a specific visit with a person in our care. Relationship does not matter but at least one visitor must be an adult.
- Brief hugs are allowed at the beginning and end of visit; kisses are not allowed.
- Hand holding and sitting on laps is not allowed.
- Individual sites have discretion on how young children and infants can interact with persons in our care

Exhibit A-43

- Individual sites have discretion on how young children and infants can interact with persons in our care.
- Per CDC guidance related to mask wearing in correctional facilities, all visitors age two or above shall wear a mask for the duration of the visit.
- All persons in our care shall be required to wear a mask for the duration of the visit.
- Food and/or drink are allowed, but cannot be shared amongst visitors and persons in our care.
- All chairs and tables will be sanitized between visits.
- The children's area shall not be available as it is difficult to sanitize between usage.
- Outdoor visiting will require the same processes/restrictions.
- Vaccination status of an individual will not alter any of these rules or guidelines.
- Refusal to comply with these rules may result in ending the visit.

In addition, to these COVID-19 rules, General Visiting Rules will be enforced. You can find those rules and more information about visitation on our Visiting Information (/Pages/OffenderInformation/AdultInstitutions/VisitingInformation.aspx) page.

## Additional Information Related to DOC's Return to Normal Operations

DOC is beginning the transition to normal operations, including work release, project crews, volunteer visits and religious visits, if that transition can be done in a safe manner that protects the health of persons in our care, staff and surrounding communities. Resumption of these programs may vary by facility, and anyone with questions about these activities should contact the institution directly or email DOCGeneral@wisconsin.gov (mailto:DOCGeneral@wisconsin.gov).

## Contact Information

3099 East Washington Ave.
Madison, WI 53704

## Public Information Links

Public Notices (/Pages/AboutDOC/PublicNotices.aspx)

Public Records Requests (https://wisconsindoc.govqa.us/WEBAPP/_rs/(S(abhbyt002jecl5zaewbaay4y))/SupportHome.aspx)

Press Releases (/Pages/AboutDOC/CommunicationsOffice.aspx)

Legislative Website (https://legis.wisconsin.gov/)

## Other Resources Links

A-Z Topics (/Pages/AboutDOC/AZTopics.aspx)

Careers (/Pages/Careers/default.aspx)

Staff Resources (/Pages/AboutDOC/StaffResources.aspx)

Exhibit A-44