IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWIN C. WEST,

                Plaintiff,

v.

DEPARTMENT OF HEALTH SERVICES,
KAREN TIMBERLAKE, ANGELA SERWA,
JENNIFER KOSTRZEWA, and ATTIC
CORRECTIONAL SERVICES, INC.,

                Defendants.

ORDER

21-cv-448-jdp

---

Pro se plaintiff Edwin C. West filed this lawsuit in Dane County Circuit Court challenging the conditions of his supervised release from civil commitment as a sexually violent person. He alleges that defendants have violated his rights under the United States Constitution, Wisconsin Constitution, and Wisconsin statutes. The state defendants removed the case to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1441(a) and supplemental jurisdiction under 28 U.S.C. § 1367. They then filed a motion to dismiss West's claims. Dkt. 3. Defendant Attic Correctional Services, Inc. also filed a motion to dismiss. Dkt. 12.

West responded by filing a motion to voluntarily dismiss all of his claims arising under federal law. Dkt. 4. Under *Taylor v. Brown*, 787 F. 3d 851, 857–58 (7th Cir. 2015), the appropriate vehicle for dismissing less than the entire action is an amended pleading under Rule 15(a) of Federal Rules of Civil Procedure. West was entitled to file an amended pleading under Rule 15(a)(1)(B), so his motion with be granted. West also filed a motion to remand the case, on the ground that there are no more federal claims remaining. Dkt. 5. Defendants

do not oppose remand, although they argue that the court could resolve the merits of West's state law claims without remanding the case.

When a district court dismisses all federal claims before trial, the usual and preferred course is to remand the state claims to the state court. *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008); 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a [state law] claim if . . . the district court has dismissed all claims over which it has original jurisdiction"). This is particularly true where, as here, no action has been taken on the state law claims. In this instance, I am not persuaded by defendants' arguments that I should retain jurisdiction over the state law claims in this case. Accordingly, I will grant West's motion and will be remand this case to state court.

ORDER

IT IS ORDERED that

1. Plaintiff Edwin C. West's motion to amend his complaint to remove his federal claims, Dkt. 4, is GRANTED.

2. Plaintiff's motion to remand, Dkt. 5, is GRANTED.

3. This case is REMANDED to the Circuit Court for Dane County, Wisconsin.

Entered October 21, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge